IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HICKORY WESLEY McCOY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-487 TS<br>Criminal Case No. 2:12-CR-218 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On April 25, 2012, Petitioner was charged in a three-count Indictment with possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm and ammunition. The charges against Petitioner stemmed from a traffic stop conducted on January 24, 2012. On that date, Trooper Randy Riches of the Utah Highway Patrol stopped Petitioner's vehicle for a perceived left lane violation. Upon stopping the vehicle, Trooper Riches detected a faint odor of marijuana and requested a drug-sniffing dog. The dog indicated at the odor of narcotics and Trooper Riches searched the vehicle. A search of the vehicle revealed marijuana, drug paraphernalia, a handgun, and ammunition.

Prior to trial, Petitioner challenged the legality of the stop. Counsel for Petitioner asserted, *inter alia*, that Trooper Riches did not have reasonable suspicion that a traffic violation was occurring or had occurred. After conducting an evidentiary hearing, the Court denied Petitioner's motion to suppress. The Court concluded that Trooper Riches had a reasonable suspicion that Petitioner had committed a traffic violation.

Petitioner proceeded to trial where he was found guilty on all counts. Petitioner was sentenced to a term of imprisonment of 200 months. Petitioner appealed his conviction, challenging the Court's ruling on the motion to suppress and the correctness of the aiding-and-abetting jury instruction. The Tenth Circuit Court of Appeals affirmed the Court's decision to deny the motion to suppress and found that Petitioner had waived his objection to the jury instruction. Petitioner timely filed the instant Motion.

## II.  DISCUSSION

Petitioner raises four arguments in his Motion: (1) his counsel was ineffective for failing to raise specific arguments in relation to his motion to suppress; (2) his counsel was ineffective for not retaining expert services in relation to his motion to suppress; (3) the ruling on the motion to suppress was erroneous; and (4) counsel on appeal was ineffective for raising the suppression issue as a mistake of law.

Petitioner's first and second arguments relate to his counsel's performance in relation to the motion to suppress. Petitioner argues that his counsel was ineffective because he failed to adequately argue that Trooper Riches lacked reasonable suspicion. In particular, Petitioner

argues that his counsel was ineffective for failing to argue that Petitioner did not impede traffic.[1] Petitioner further argues that his counsel was ineffective for failing to retain an expert to testify that the stop was unconstitutional.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To determine ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[2] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[4] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[5] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[6]

---

[1] The government misconstrues Petitioner's impediment argument. The government argues that counsel did argue that Trooper Riches impeded Petitioner's ability to move into the right lane. This misses the point. Petitioner is not arguing here that Trooper Riches impeded his ability to move into the right lane. Instead, Petitioner is arguing that his conduct did not impede traffic in the left lane, which is required for a violation of Utah Code Ann. § 41-6a-704.

[2] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[3] *Strickland*, 466 U.S. at 694.

[4] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[5] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[6] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

Petitioner first argues that counsel was ineffective because he did not adequately argue that Trooper Riches lacked reasonable suspicion for the stop and, instead, focused on the officer's subjective motivation for stopping Petitioner's vehicle.  This argument misconstrues the record.  Counsel did argue that Trooper Riches lacked reasonable suspicion for the stop. Petitioner contends that his counsel was ineffective for failing to adequately address a specific argument—that the left lane was not impeded.  While counsel certainly could have done a better job in making this argument, the Court cannot conclude that his performance was defective. Counsel argued that the officer lacked reasonable suspicion.  By doing so, counsel necessarily argued that no violation had been committed.

Further, even if counsel's performance was deficient, Petitioner has failed to demonstrate prejudice.  The Court specifically found that there was reasonable suspicion that Petitioner had committed a left-lane violation in violation of Utah Code Ann. § 41-6a-704.  This conclusion necessarily included the finding that Petitioner impeded traffic.  Though not explicitly stated, that finding is implied in the Court's denial of the motion.  Thus, counsel's failure to raise this specific argument did not alter the suppression proceedings.

Petitioner next argues that counsel was defective for failing to retain an expert to testify that the stop was unconstitutional.  Petitioner's counsel had attempted to retain an expert witness on police procedure.  In this Motion, Petitioner alleges that the expert would have testified that the stop was unconstitutional.[7]  However, Petitioner did not have sufficient funds to retain the

---

[7] Because the expert was never retained and did not testify, the Court is unsure whether this would have been his conclusion.  However, the Court will accept Petitioner's representation for the purposes of this Motion.

4

expert and counsel's request for CJA funding was denied without prejudice. Ultimately, counsel determined that an expert witness was not necessary.

The Court cannot conclude that counsel's performance in this regard was deficient. The decision of whether to retain an expert witness is the type of tactical strategy that is left to the discretion of counsel. Further, even if counsel was ineffective, Petitioner cannot demonstrate prejudice. The issue of whether probable cause exists is a legal determination for the Court to make. Expert testimony that encroaches on this duty is not permitted.[8] Thus, even if counsel had obtained an expert to testify at the suppression hearing, the expert would not have been permitted to testify as to whether the stop was constitutional.

Petitioner's third claim attacks the correctness of the suppression order. Petitioner challenged the Court's decision to deny the motion to suppress on direct appeal. Under § 2255, Petitioner may not raise issues that have been previously considered and disposed of on direct appeal.[9] "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."[10] Petitioner points to no intervening change in the law. Therefore, this claim is procedurally barred.

Petitioner's final argument is that counsel on appeal was ineffective for challenging the suppression order using a mistake of law argument. Petitioner argues that he never made a mistake of law argument before this Court and, thus, it was waived on appeal. Petitioner again misconstrues counsel's arguments on appeal. Counsel made various arguments on appeal in

---

[8] *Specht v. Jensen*, 853 F.2d 805, 806–08 (10th Cir. 1988).

[9] *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[10] *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

addition to the mistake of law argument.  In particular, appellate counsel made the very argument that is at the heart of Petitioner's § 2255 Motion, that Petitioner was not impeding traffic.  Thus, the Court cannot find that appellate counsel was ineffective.  Further, even after finding that the mistake of law argument was waived, the Tenth Circuit considered it and concluded that it would necessarily fail to the extent that it relied on precedent at odds with the Supreme Court's decision in *Heien v. North Carolina*.[11]  Therefore, Petitioner was not prejudiced by counsel's decision to frame the argument as a mistake of law.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-487 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-487 TS forthwith.

---

[11] *United States v. McCoy*, 614 F. App'x 964, 967 n.4 (10th Cir. 2015).

DATED this 13th day of September, 2016.

BY THE COURT:

Ted Stewart
United States District Judge