IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HICKORY WESLEY McCOY,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION FOR RELIEF<br><br>Civil Case No. 2:16-CV-487 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion for Relief under Fed. R. Civ. P. 60(b). For the reasons discussed below, the Court finds Petitioner's Motion to be an unauthorized second or successive § 2255 petition and that it is not in the interests of justice to transfer the Motion to the Tenth Circuit Court of Appeals. Therefore, the Court will dismiss this matter for lack of jurisdiction.

I. BACKGROUND

On April 25, 2012, Petitioner was charged in a three-count Indictment with possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm and ammunition. The charges against Petitioner stemmed from a traffic stop conducted on January 24, 2012.

Prior to trial, Petitioner challenged the legality of the stop. After conducting an evidentiary hearing, the Court denied Petitioner's motion to suppress. The Court concluded that the officer had a reasonable suspicion that Petitioner had committed a traffic violation.

1

Petitioner appealed, challenging the Court's ruling on the motion to suppress. The Tenth Circuit Court of Appeals affirmed the Court's decision to deny the motion to suppress.

Petitioner timely filed a motion under 28 U.S.C. § 2255. Petitioner argued, among other things, that the Court's ruling on the motion to suppress was erroneous. In particular, Petitioner argued that the suppression order failed to find or hold that Petitioner impeded traffic in the left lane.

The Court rejected Petitioner's argument. The Court noted that it had found that Petitioner committed a left-lane violation, which "necessarily included the finding that Petitioner impeded traffic."[1] Thus, the Court denied Petitioner's § 2255 motion and the Tenth Circuit denied Petitioner's request for a certificate of appealability. In its order, the Tenth Circuit too noted that it had concluded that the record supported this Court's reasonable suspicion determination.[2]

Petitioner now files the instant Motion. Petitioner argues that the judgment should be set aside because the Court misconstrued Utah's left-lane violation statute, which resulted in an erroneous suppression ruling. Petitioner argues that the Court erred in not addressing this issue in its previous ruling.

## II. DISCUSSION

The Tenth Circuit has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[3] The Court must

---

[1] Docket No. 10, at 4.

[2] Docket No. 16, at 3.

[3] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

first determine "whether the motion is a true Rule 60(b) motion or a second or successive petition."[4]

> If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . .[5]

A Rule 60(b) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[6]

> Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[7]

Petitioner argues that the Court failed to address an issue he raised in his § 2255 Motion. Specifically, Petitioner takes issue with the Court's supposed failure to find or rule that he impeded traffic. The lack of such a ruling, he contends, "eviscerates the suppression order."[8]

A "contention that the district court failed to consider one of [Petitioner's] habeas claims represents a 'true' 60(b) claim."[9] While Petitioner argues that the Court failed to address his argument, Petitioner's contention is incorrect. In his § 2255 motion, Petitioner argued that the Court failed to find or hold that Petitioner impeded traffic.[10] As set forth above, the Court did

---

[4] *Id.*

[5] *Id.* at 1217.

[6] *Id.* at 1215.

[7] *Id.* at 1215–16 (citation omitted).

[8] Docket No. 14, at 2.

[9] *Spitznas*, 464 F.3d at 1225.

[10] Docket No. 1, at 7

3

find that Petitioner committed a left-lane violation, which "necessarily included the finding that Petitioner impeded traffic."[11] The Tenth Circuit similarly concluded that the Court's reasonable suspicion determination was supported by the record.[12] Thus, the Court did consider this argument and Petitioner's Motion is not a true 60(b) motion.

Instead, the Court finds that Petitioner's Motion is a second or successive petition. Through the instant Motion, Petitioner continues to challenge the Court's ruling on the suppression issue in his criminal case. As such, Petitioner is asserting a federal basis for relief from his underlying conviction. Therefore, the Court construes the instant Motion as a second or successive § 2255 motion.[13]

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[14] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[15] However, before transferring a second or successive motion under

---

[11] Docket No. 10, at 4.

[12] Docket No. 16, at 3.

[13] The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). In this case, however, lack of notification of the recharacterization will not prejudice the Defendant because this is his second motion and he has not obtained an order from the Tenth Circuit authorizing the Court to consider the Motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004). Additionally, since this is Defendant's second § 2255 Motion, the concerns that require notification in the first instance are not at issue. *See United States v. Torres*, 282 F.3d 1241, 1245–46 (10th Cir. 2002).

[14] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[15] *Id.* at 1251.

§ 2255 to the court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[16]

The Tenth Circuit has outlined factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[17]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion. Defendant's claim would be time-barred under 28 U.S.C. § 2255(f). Defendant's claim is not likely to have merit and was previously rejected in his initial § 2255 petition. This demonstrates a lack of good faith on the part of Defendant. Therefore, the Court finds that it is not in the interest of justice to transfer Defendant's Motion.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(4) (Docket No. 17) is DISMISSED FOR LACK OF JURISDICTION.

DATED this 3rd day of April, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[16] *See* 28 U.S.C. § 1631.

[17] *In re Cline*, 531 F.3d at 1251.