IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| HICKORY WESLEY McCOY, | |
|---|---|
| Petitioner, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF |
| v. | |
| UNITED STATES OF AMERICA, | Civil Case No. 2:16-CV-487 TS |
| Respondent. | District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion for Relief under Federal Rule of Civil Procedure 60(b). For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On April 25, 2012, Petitioner was charged in a three-count Indictment with possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm and ammunition. The charges against Petitioner stemmed from a traffic stop conducted on January 24, 2012.

Prior to trial, Petitioner challenged the legality of the stop by filing a motion to suppress. After conducting an evidentiary hearing, the Court denied Petitioner's motion to suppress on December 18, 2012. The Court concluded that the officer had a reasonable suspicion that Petitioner had committed a traffic violation. More specifically, the Court found that the officer had reasonable suspicion to conduct a traffic stop under Utah's left-lane statute, Utah Code Ann. § 41-6a-704.

Petitioner proceeded to trial, where he was found guilty on all counts. Petitioner was sentenced to 200 months in the custody of the Bureau of Prisons, to be followed by 60 months of supervised release.

Petitioner appealed his conviction and challenged the Court's ruling on the motion to suppress. The Tenth Circuit Court of Appeals affirmed the Court's decision denying the motion to suppress and affirmed Petitioner's conviction.

Petitioner timely filed a motion under 28 U.S.C. § 2255 on June 3, 2016. Petitioner argued: (1) his counsel was ineffective for failing to raise specific arguments in relation to his motion to suppress; (2) his counsel was ineffective for not retaining expert services in relation to his motion to suppress; (3) the ruling on the motion to suppress was erroneous because the Court failed to find that Petitioner impeded traffic; and (4) counsel on appeal was ineffective for raising the suppression issue as a mistake of law.

The Court denied Petitioner's § 2255 motion on September 13, 2016. The Court rejected Petitioner's ineffective assistance of counsel claims on the merits. As to Petitioner's claim that the ruling on the motion to suppress was erroneous, the Court found that it was procedurally barred because of Petitioner's challenge to the Court's suppression order on appeal. Petitioner appealed the Court's ruling on his § 2255 motion and the Tenth Circuit denied Petitioner's request for a certificate of appealability ("COA") on December 13, 2016.

On March 19, 2018, Petitioner filed the instant Motion pursuant to Fed. R. Civ. P. 60(b). Petitioner argued that the Court erred in concluding the suppression issue was procedurally barred. The Court dismissed Petitioner's Motion for lack of jurisdiction, finding that it was an

unauthorized second or successive § 2255 petition. The Tenth Circuit vacated the Court's ruling and remanded for the Court to consider the Motion on the merits.

## II. DISCUSSION

Petitioner does not explicitly state under which provision of Rule 60(b) his Motion is brought. Motions under Rule 60(b)(1), (2), and (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[1] Here, the Court denied Petitioner's § 2255 motion on September 13, 2016, and judgment was entered that same day. Petitioner waited until March 19, 2018, to file the instant Motion. As a result, it cannot be considered under Rule 60(b)(1), (2), or (3).

Petitioner specifically states that his Motion does not fit the criteria provided in Rule 60(b)(1), (2), or (3), but goes on to state that if the Court finds that it does fall within those provisions, he should be given permission for leave to file out of time. However, a court may not extend the time to act under Rule 60(b).[2] Therefore, to the extent Petitioner's Motion falls within Rule 60(b)(1), (2), or (3), it is untimely.

Rule 60(b)(4) provides relief from void judgments and "is not subject to any time limitation."[3] "A void judgment is a legal nullity."[4] "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality

---

[1] Fed. R. Civ. P. 60(c).

[2] Fed. R. Civ. P. 6(b)(2).

[3] *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994).

[4] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

would swallow the rule."[5] Thus, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[6]

Petitioner's Motion fails to demonstrate either type of defect. Petitioner does not argue that the Court lacks jurisdiction over him or his claims. "A federal habeas court applying a procedural bar, even if in error, is not acting in the absence of jurisdiction over the habeas proceeding."[7] Further, there is "no authority for the notion that procedural-bar rulings—or rulings on such other procedural matters as statute of limitations or exhaustion, which also pretermit relief on the merits of a claim—violate due process and are 'void' under Rule 60(b)(4) if they are in error."[8] Therefore, his claim fails under Rule 60(b)(4).

Rule 60(b)(5) applies when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Here, the judgment has not been satisfied, released, discharged, reversed, or vacated, and Petitioner has not shown that applying it prospectively is no longer equitable.

This leaves only Rule 60(b)(6). Motions under Rule 60(b)(6) "must be made within a reasonable time."[9] Here, Petitioner was aware of the issue he raises in his Motion on the date he received the Court's prior order. This is evidenced by an examination of the arguments he made when seeking a COA from the Court's denial of his § 2255 motion. Petitioner argued, as he does

---

[5] *Id.* (internal citation omitted).
[6] *Id.* at 271.
[7] *Weldon v. Pacheco*, 715 F. App'x 837, 843 (10th Cir. 2017).
[8] *Id.*
[9] Fed. R. Civ. P. 60(c)(1).

4

here, that violation of Utah's left-lane statue requires traffic being impeded.[10] Similarly, when seeking reconsideration of the Tenth Circuit's COA denial, Petitioner argued that he did not impede traffic in the left lane, that this Court never ruled that he impeded traffic and, as a result, the Tenth Circuit "has not ruled whether Mr. McCoy ever actually impeded traffic in the left lane or not."[11] This is the same issue raised in the instant Motion. Yet, instead of seeking relief in this Court right away, he waited to file this Motion for a year-and-a-half after the Court's denial of his § 2255 motion and over a year after the Tenth Circuit denied his request for a COA. The Tenth Circuit has upheld the denial of relief under Rule 60(b)(6) in similar circumstances.[12]

Petitioner argues that prison transfers and secure placement prevented him from raising this issue before the Court. However, this argument is belied by the fact that he did raise the issue before the Tenth Circuit. It stands to reason that if Petitioner had the ability to raise it there, he could have raised it here. Having failed to do so in a reasonable time, it is untimely and must be denied.

Even if Petitioner's Motion was timely, it fails on the merits. Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief." Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances, which "will rarely occur in the habeas context."[13] Petitioner argues that the Court's procedural bar ruling was erroneous because the Tenth Circuit did not specifically rule on his argument that Utah's left-lane statute is

---

[10] Memorandum in Support of Certificate of Appealability, *United States v. McCoy*, 16-4179 (10th Cir. Nov. 17, 2016).

[11] Petitioner's Motion to Reconsider COA at 3, *United States v. McCoy*, 16-4179 (10th Cir. Mar. 1, 2017).

[12] *United States v. Mack*, 502 F. App'x 757, 759–60 (10th Cir. 2012) (collecting cases).

[13] *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005).

only violated by impeding traffic. This argument, however, is merely a different way to argue that the officer lacked reasonable suspicion to conduct the stop. Both this Court and the Tenth Circuit have concluded that the officer did have reasonable suspicion. Petitioner "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court."[14] This is not the purpose of a 60(b) motion.

Moreover, Petitioner's underlying argument fails because it ignores the language of the left-lane statute. Utah Code Ann. § 41-6a-704 provides, in relevant part:

> (2) On a highway having more than one lane in the same direction, the operator of a vehicle traveling in the left general purpose lane:
> (a) shall, upon being overtaken by another vehicle in the same lane, yield to the overtaking vehicle by moving safely to a lane to the right; and
> (b) may not impede the movement or free flow of traffic in the left general purpose lane.
> (3) An operator of a vehicle traveling in the left general purpose lane that has a vehicle following directly behind the operator's vehicle at a distance so that less than two seconds elapse before reaching the location of the operator's vehicle when space is available for the operator to yield to the overtaking vehicle by traveling in the right-hand lane is prima facie evidence that the operator is violating Subsection (2).

In its order denying the motion to suppress, the Court found that "the evidence demonstrates that Trooper Riches observed Defendant's vehicle traveling in the left general purpose lane while being overtaken by another vehicle in the same lane at a distance so that only 1.5 seconds elapsed before reaching the location of Defendant's vehicle. Trooper Riches also observed that there was space available for Defendant to yield to the overtaking vehicle by traveling in the right-hand lane."[15] This evidence provided prima facie evidence that Petitioner

---

[14] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (internal quotations marks and citation omitted).

[15] Case No. 2:12-CR-218 TS, Docket No. 46, at 4.

6

was violating the left-lane statute in light of Utah Code Ann. § 41-6a-704(3). Petitioner's argument that the Court and the officer misconstrued the statute lacks any support in the statute or case law. Moreover, even if the officer did misinterpret the statute, reasonable suspicion can rest on a reasonable mistake of law.[16] After all, the question is whether the officer had reasonable suspicion of a traffic violation, not whether there actually was a violation.[17] Based on the language of §41-6a-704(3) and the officer's observations, it was reasonable for the officer to believe that Petitioner had committed a traffic violation, thereby providing reasonable suspicion for the stop. For these reasons, Petitioner's Motion must be denied.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Relief Under Federal Rule of Civil Procedure 60(b) (Docket No. 17) is DENIED. The Court DENIES Petitioner a certificate of appealability.

DATED this 29th day of January, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[16] *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014)

[17] *United States v. Vercher*, 358 F.3d 1257, 1263 (10th Cir. 2004).